IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERVANDO CANTU, JR., | § | |
| Movant, | § | |
| | § | 3:16-CV-1717-N |
| v. | § | 3:14-CR-135-N (01) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Servando Cantu, Jr., pleaded guilty to possession with the intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. At sentencing, the Court applied the 2015 version of the United States Sentencing Guidelines ("U.S.S.G.") and set Cantu, Jr.'s, base-offense level at 26 under U.S.S.G. § 2K2.1(a)(1) because he had two prior violent felonies, and because the firearm at issue here was semiautomatic and capable of accepting a large-capacity magazine. The Court sentenced him accordingly to 120 months in prison with three years of supervised release.

Cantu, Jr., did not appeal. But he later filed this 28 U.S.C. § 2255 motion. Although he numbers his arguments (1) and (2), he raises only one claim. He argues that his prior felony convictions could only qualify as "crimes of violence" under a definition in the U.S.S.G. that was rendered unconstitutional by *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court ordered the government to respond to the Section 2255 motion, and the government moved instead to stay this case pending the resolution of *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). A stay was entered, *Beckles* was announced, and the stay was then lifted.

## II. Discussion

Cantu, Jr., argues that the Court erred when it calculated his sentencing range because it set his base offense-level at 26 pursuant to U.S.S.G. § 2K2.1(a)(1). Under the 2015 Guidelines, that section increased a defendant's base offense-level if he was convicted of a firearm offense that involved a semiautomatic firearm capable of accepting a large capacity magazine and "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(1)(i), (B). "Crime of violence," in turn, was defined as one of the enumerated offenses or any state or federal felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1); *see also* U.S.S.G. § 2K2.1(a)(1), cmt. n.1 ("'Crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.").

Cantu, Jr., argues that his two prior felony convictions–namely, aggravated assault with a deadly weapon and evading arrest with a vehicle–can only be considered crimes of violence under Section 4B1.2(a)(1)'s residual clause, which he claims is void for vagueness after *Johnson*. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. But Cantu, Jr., was not convicted of violating the Armed Career Criminal Act, and that is not the statute he challenges here. Rather, he seeks to extend the reasoning of *Johnson* to challenge the U.S.S.G.'s definition of crime of violence as void for vagueness.

Page 2

But *Beckles* forecloses his argument. In *Beckles*, the Supreme Court held that, unlike the statute at issue in *Johnson*, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892; *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause."). So, there is no merit to Cantu, Jr.'s, claim that the District Court erred by counting his prior felonies as crimes of violence when setting his base-offense level pursuant to U.S.S.G. § 2K2.1(a)(1).

Moreover, to the extent that Cantu, Jr., claims that the Court otherwise erred in calculating his sentence, that claim is not cognizable here because "'an attempt to challenge the court's sentencing calculations is not a basis for a section 2255 proceeding.'" *Wright v. United States*, 3:16-cv-610-K, 2016 WL 949747, at *2 (N.D. Tex. Mar. 13, 2016) (quoting *Momin v. United States*, Nos. 3:07-cv-889-L & 3:04-cr-289-H, 2008 WL 1971390, at *1) (N.D. Tex. Apr. 30, 2008); *accord United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injures that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.") (citation omitted). Accordingly, his contention that the Court committed reversible error at sentencing lacks merit.

### III. Recommendation

For the foregoing reasons, it "plainly appears" that Cantu, Jr., "is not entitled to relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see also*

*Paz v. United States*, No. 3:16-cv-1815-M-BN, 2017 WL 2954651 (N.D. Tex. May 18, 2017) ("[I]t 'plainly appears' that Movant 'is not entitled to relief' on the Section 2255 motion, and the motion should be dismissed.") (citing Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts), *rec. adopted*, 2017 WL 2954397 (N.D. Tex. Jul. 7, 2017).

Signed this 13 day of October, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).